IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02234-CMA-CBS

JAMES A. WIESNER, an individual,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, and
PETER ARGUELLO, in his Official Capacity as Program Agency Director of Community
Justice Services, a division of the Boulder County Community Services Department,

Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

COME NOW the Parties, Plaintiff James Wiesner and Defendants Board of County

Commissioners of Boulder County and Peter Arguello, by and through their respective counsel,

Dipak P. Patel, Esq. and Madeline J. Meacham, Deputy County Attorney and hereby stipulate

and move the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the

treatment of Confidential Information (as defined below), and as grounds therefore, state as

follows:

1.      In this action, the Parties will be producing and/or seeking Confidential

Information (as defined in Paragraph 2 below).  The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning

Confidential Information in the course of depositions or in written discovery requests.  The

Parties assert the disclosure of such information outside the scope of this litigation could result

in significant injury to one or more of the Parties' business or privacy interests.  The Parties have

entered into this Stipulation and request the Court enter the within Protective Order for the

purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, writings, drawings, audio or video recordings, photographs, images, transcribed testimony, extract, abstract, chart, summary, note or copy made therefrom and other data or data compilation, including without limitation, any documents produced to any party pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, responses to interrogatories, responses to discovery requests, responses to requests for admissions - not intended to be made available to the public by one or more of the Parties and designated by one of the parties in the manner provided in  Paragraph 5.

3.      Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of current or former employees and/or clients of Boulder County and any current or previous applicants for any position within Boulder County.   In addition, should any personnel, client or employment records, including applications submitted by any person for any position within Boulder County be produced by any party to this lawsuit in discovery, such documents shall be subject to the terms and conditions of this Protective Order and, except as provided herein, subject to the provisions of C.R.S. §24-72-204(3)(a)(I) and (II)(A)(concerning disclosure of medical, mental health and sociological records, and personnel records); C.R.S. §24-72-204(2)(a)(I) and (II) and C.R.S. §24-72-305(5).  Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      In order to issue a Protective Order authorizing the release of records and information related to substance abuse treatment, 42 C.F.R. §2.64(d) provides that the Court

must find that "good cause" exists to issue the order.  The regulations further provide that, to make this good cause determination the Court must find that:

(1)     Other ways of obtaining the information are not available or would not be effective and:

(2)     The public interest and need for the disclosure outweigh the potential injury to the patient, the physician or therapist-patient relationship and the treatment services.

The parties stipulate that good cause exists to release the documents, and the order is limited so as to comply with 42 C.F.R. §2.64(e).  The parties further stipulate that the disclosure is in connection with litigation in which the patient offers testimony or other evidence pertaining to the content of the confidential communications.  The parties further stipulate that, in any Court proceeding on this issue the court and pleadings will refer to the patient by his/her initials.

5.     CONFIDENTIAL documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including the plaintiff and designated representatives for Defendant Board of County Commissioners of Boulder County and Defendant Peter Arguello;

(d)     expert witnesses and consultants retained in connection with this

proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties.

6.    Where Confidential Information is produced, provided or otherwise disclosed by a Party pursuant to Fed. R. Civ. P. 26 or in response to any discovery request, it will be designated in the following manner:

a.    By imprinting the word "Confidential" on the first page or cover of any document produced;

b.    By imprinting the word "Confidential" next to or above any response to a discovery request; and

c.    With respect to transcribed or videotaped testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony, or by giving oral notice to opposing counsel, contemporaneous with the testimony, designating such portions as "Confidential" or similar words intended to convey restricted dissemination of such information.

7.    All Confidential Information provided by a Party in response to a discovery request or as part of transcribed testimony shall be subject to the following restrictions:

a.    It shall be used only for the purpose of this litigation and not for any

business or any other purpose whatsoever;

b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

8.      Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold said Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information has been or is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10.      During the pendency of this action, opposing counsel may, upon court order or agreement of the parties, inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11.      No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this

litigation.

12.     During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 11 above.

13.     If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds of objection to the designation.  All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

14.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection pursuant to statute regulation, contract or case law.  The Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

**CONFIDENTIAL**

**This document is filed under seal.  Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on \*(date)\* in Civil Action No. 09cv02234-CMA-CBS.**

15.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

17.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom that are not subject to the attorney-client privilege or the work product doctrine or shall provide the producing party with an affidavit from the receiving party's counsel confirming that the materials have been destroyed.  At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 9 herein, and counsel shall provide the Court with verification that any of counsel's work product made in connection with the instant case referencing Confidential Information has been destroyed.  Each party's counsel shall be permitted to keep one copy for its files of any work product that may contain or reference Confidential Information.  Such copies shall be kept in a confidential manner and the Confidential Information shall retain its confidential status until it is destroyed as part of

counsel's regular file retention and destruction process.

18.     Nothing in this Protective Order shall preclude any Party from filing a motion

seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or from filing

a motion with respect to the manner in which Confidential Information shall be treated at trial.

19.     This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 14th day of December, 2009.

BY THE COURT:


_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED BY:**

s/Dipak Patel

Dipak P. Patel, Esq.
ST. CLAIR & GRESCHLER, P.C.

**ATTORNEY FOR PLAINTIFF**

s/Madeline J. Meacham

Madeline J. Meacham, Esq.
Deputy Boulder County Attorney

**ATTORNEY FOR DEFENDANTS,**

**EXHIBIT A**

**AFFIDAVIT**

STATE OF COLORADO     )

                             ) ss.

COUNTY OF _____    )

_____, swears or affirms and states under penalty of perjury:

1.     I have read the Protective Order in Case No. _____, a copy of which is attached to this Affidavit.

2.     I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are confidential Information as defined in the Protective Order.

3.     I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order.  I will not use the Confidential Information for any purpose other than this litigation.

4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.     I will abide by the terms of the Protective Order.

_____
(Signature)
_____
(Print or Type Name)

Address: _____
_____

Telephone No.: (   ) _____

SUBSCRIBED AND SWORN to before me this ___ day of _____, 20__, by

_____.

WITNESS my hand and official seal.

_____
Notary Public

[S E A L]

My Commission Expires: _____